**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**NEIL JASON WILLIAMS,**

        **Petitioner,**

**v.**                                                      **Civil Action No.  2:06cv124**
                                                           **(Judge Maxwell)**

**THOMAS MCBRIDE,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION
## ON PETITIONER'S MOTION FOR DEFAULT

      This case was initiated on December 27, 2006, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  On January 24, 2007, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time.  Accordingly, the Respondent was directed to show cause within thirty days why the petition should not be granted.  On February 22, 2007, prior to the expiration of the thirty days, the Respondent filed a Motion for an Enlargement of Time to answer Petitioner's § 2254 petition.  For good cause shown, the undersigned granted the Respondent's motion on March 1, 2007.  A response to the petition is currently due on March 25, 2007.

      This case is before the Court on Petitioner's Objection to Respondent's Motion for Enlargement of Time and Motion for Default Judgment.  In the motion, Petitioner asserts that the Respondent's reasons for requesting an enlargement of time are "frivolous, lack good faith and are irrelevant."  Thus, Petitioner moves the Court to deny Respondent's request for enlargement of time and grant petitioner the relief sought in the petition pursuant to the laws of default.

      Pursuant to the Court's Order of March 1, 2007, Petitioner's objections are now moot.

However, even considering Petitioner's objections retrospectively, the Court still finds good cause for the Respondent's motion and reaffirms its prior Order granting the Respondent's request for an enlargement of time. In light of this finding, Petitioner's request for default judgment lacks a basis in fact.[1] Thus, it is recommended that Petitioner's Motion for Default Judgment (dckt. 12) be DENIED.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: March 12, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."